UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUITABLE LIFE & CASUALTY INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 22-cv-09125-JD<br><br>**ORDER RE GUARDIAN AD LITEM** |

Plaintiff Phyllis Smith filed an unopposed motion to appoint her son, David Smith, as guardian ad litem for purposes of this lawsuit. Dkt. No. 32.

The Court will appoint a guardian because the record indicates that Phyllis Smith is not competent to proceed independently. *See* Fed. R. Civ. P. 17(c)(2). Her capacity to sue is determined by California law. *See* Fed. R. Civ. P. 17(b)(1); Dkt. No. 1 ¶ 4. "In California, a party is incompetent if [s]he lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Robbins v. Mscripts, LLC*, No. 23-cv-01381-LB, 2023 WL 4205773, at *2 (N.D. Cal. June 27, 2023) (citations omitted). Phyllis Smith's attorney states that she "has dementia and is not competent to represent herself in this action." Dkt. No. 32 at 1. This is consistent with the complaint allegation that plaintiff "is 91 and suffers from cognitive deficits," Dkt. No. 1 ¶ 4, and more recent filings confirming the dementia diagnosis. *See* Dkt. Nos. 24 at 1; 28 at 1. David Smith has made health care decisions on his mother's behalf for more than five years. Dkt. No. 32-1 ¶ 4.

There is also a presumption in favor of David Smith's appointment because Phyllis Smith has already granted him a durable power of attorney. *See In re Marriage of Caballero*, 27 Cal.

1  App. 4th 1139, 1152 (1994), *as modified*; *Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-cv-04768-
2  LHK, 2017 WL 565710, at *4 (N.D. Cal. Feb. 13, 2017).  The power of attorney properly conveys
3  "the intent of the principal that the authority conferred shall be exercisable notwithstanding the
4  principal's subsequent incapacity."  Cal. Prob. Code § 4124.  *See* Dkt. No. 34-1[1] (POA) § 2.02
5  ("Durability" provision).  David Smith avers that he has "no conflicts" with Phyllis Smith and that
6  he will "act in good faith to protect her interests."  Dkt. No. 32-1 ¶ 7.  Nothing in the record
7  indicates otherwise.

Consequently, David Smith is appointed Phyllis Smith's guardian ad litem for purposes of this lawsuit.

**IT IS SO ORDERED.**

Dated:  March 15, 2024

_____
JAMES DONATO
United States District Judge

---

[1] The power of attorney, which contains personally identifying information, is sealed in accordance with Federal Rule 5.2.